IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| IN RE: | * |
| | * |
| GEARY B. KATZ | *  Case No. 14-10356-DER |
| | *  Chapter 7 |
| Debtor | * |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

| | |
|---|---|
| MICHAEL G. WOLFF, TRUSTEE | * |
| 15245 Shady Grove Road, | |
| Suite 465 | * |
| Rockville, Maryland 20850 | |
| | * |
| Plaintiff | |
| | * |
| vs. | Adversary No. 16-____-DER |
| | * |
| GINA KATZ | |
| 1508 Marker Road | * |
| Middletown, Maryland 21769 | |
| | * |
| Defendant | |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

COMPLAINT TO SELL PROPERTY FREE AND
CLEAR OF INTEREST OF NON-DEBTOR CO-OWNER

MICHAEL G. WOLFF ("Plaintiff"), the Chapter 7 Trustee for the Bankruptcy Estate of Geary B. Katz (the "Debtor"), by JEFFREY M. ORENSTEIN and GOREN, WOLFF & ORENSTEIN, LLC, files this Complaint against Gina Katz ("Defendant"), and respectfully represents as follows:

JURISDICTION

1. This is an adversary proceeding brought pursuant to Rule 7001 of the Bankruptcy Rules.

1

2. This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. § 1334 and 11 U.S.C. § 363(h).

3. This adversary proceeding is a core proceeding as defined by 28 U.S.C. § 157.

## LOCAL RULE 7012-1(b) STATEMENT

4. Pursuant to Local Rule 7012-1(b), Plaintiff hereby states that he consents to the entry of final orders or judgments by the Bankruptcy Judge.

## THE PARTIES

5. On January 8, 2014 (the "Petition Date"), the Sheldon Monsein Living Trust, the Doug Monsein Family Trust, and Sol Oidick filed an Involuntary Chapter 7 Petition against the Debtor thus initiating the instant bankruptcy case (the "Debtor's Case").

6. On January 21, 2014, the Debtor filed a Motion to Convert Case from Chapter 7 to 11, which this Court granted by Order entered on January 23, 2014.

7. On April 14, 2014, the Court entered a Consent Order reconverting the Debtor's Case to a case under Chapter 7.

8. Thereafter, Plaintiff was appointed to serve as the Chapter 7 Trustee in the Debtor's Case and continues to serve in that capacity.

9. Defendant, the Debtor's former wife, is an individual that resides in this judicial district.

## FACTUAL BACKGROUND

10. Pre-petition, the Debtor and the Defendant owned, as tenants by the entireties, improved real property located at 1508 Marker Road, Middletown, Maryland 21769 (the "Property").

11. As of the Petition Date, the Debtor and Defendant had substantial joint unsecured debts which they continue to owe as of the filing of this Complaint.

12. There are two existing liens on the Property that, combined, exceed the current fair market value of the Property.

13. Defendant is obligated on both loans that are secured by the liens on the Property.

14. Defendant presently lives at the Property, but has not made any mortgage payments on the Property in well over two years.

15. At the beginning of his administration of the Debtor's Case, Plaintiff met with Defendant and her attorney and reached an agreement for the Defendant to remain in the Property on the condition that Defendant maintain the Property while she was living there and on the further condition that Defendant would move out of the Property if an opportunity was presented for Plaintiff to be able to sell the Property and to receive money for the estate.

16. To that end, Plaintiff engaged the services of a real estate agent and an attorney who specializes in negotiating short sales in order to attempt to market and sell the Debtor's real property including, but not limited to, the Property.

17. By Orders entered November 5, 2015, the Court approved the employment of Andy Werner and Michelle Adams (the "Professionals").

18. The Professionals have successfully negotiated a short sale of the Property that will result in a payment of $19,537.50 to the estate after payment of all mortgages and expenses related to the sale.

19. As part of the short sale, the lien holders have agreed to release the deficiency claims that would otherwise exist against Defendant.

20. Because of the substantial joint debt that Defendant shares with he Debtor, Plaintiff believes, and therefore avers, that Defendant will not have any adverse tax consequences as a result of the sale and the forgiveness of her obligations on the loans.

21. Because there is no equity in the Property, the short sale is the only vehicle for Plaintiff to realize any value for the estate.

22. Because there is no equity in the Property, there is no value to be preserved for Defendant.

COUNT I
Authorization to Sell Real Property
Free and Clear of Interest of Co-Owner

23. Plaintiff realleges and incorporates by reference paragraphs 1 through 22 as if fully set forth herein.

24. If the Court authorizes the short sale of the Property, all liens would be satisfied in full from the proceeds of the sale.

25. Partition in kind of the Property among the Debtor's estate and the Defendant is not practicable.

26. Absent the short sale of the entirety of the Property, the Debtor's Estate would realize nothing on account of the Property.

27. For that reason, a sale of only the Debtor's interest in the Property, were Plaintiff able to sell only the Debtor's interest in the Property, would realize significantly less for the Estate than the sale of the entirety of the Property.

28. The benefit to the Debtor's Estate from the sale of the entirety of the Property outweighs the detriment, if any, to Defendant as a result of the sale of her interest in the Property.

29. The Property is not used in the production, transmission or distribution for sale of electric energy or of natural or synthetic gas for heat, light or power.

WHEREFORE, Plaintiff requests this honorable Court to grant the following relief:

A. Enter an Order authorizing Plaintiff, subject to appropriate notice, to sell the interests of the Debtor and Defendant in the Property pursuant to the provisions of 11 U.S.C. § 363(h), 363 (I), and 363(j); and

B. Grant such other and further relief as the nature of the cause may require.

Respectfully submitted,

\s\ Jeffrey M. Orenstein
JEFFREY M. ORENSTEIN (#07512)
Goren, Wolff, Orenstein & Hoffman, LLC
Shady Grove Plaza
15245 Shady Grove Road, Suite 465
Rockville, Maryland  20850
(301) 984-6266
jorenstein@gwolaw.com

Attorneys for Plaintiff